IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH L. HOFFMAN, | : |
| | : |
| Plaintiff, | : |
| v. | : No. 02- CV-3678 |
| | : |
| JOHN E. POTTER, | : |
| POSTMASTER GENERAL, | : |
| UNITED STATES POSTAL SERVICE | : |
| | : |
| Defendant. | : |

**ORDER**

AND NOW on this _____ day of _____, 2002, it is hereby ORDERED that, upon consideration of the defendant's motion to dismiss for failure of service, the response and for good cause shown, it is hereby ORDERED that the defendant's motion to dismiss without prejudice is GRANTED.

IN THE ALTERNATIVE, defendant, United States Postal Service's motion for a more specific statement is granted and plaintiff is directed to file an amended complaint that complies with the directive of Federal Rule of Civil Procedure 8(a) within ten ("10") days of the date of this order.

BY THE COURT:

_____
Thomas N. O'Neill, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH L. HOFFMAN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 02- CV-3678 |
| | : | |
| JOHN E. POTTER, | : | |
| POSTMASTER GENERAL, | : | |
| UNITED STATES POSTAL SERVICE | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE SPECIFIC STATEMENT**

The defendant hereby requests this Court to dismiss the claims of plaintiff against it for failure to serve the United States in accordance with Rule 4 of the Federal Rules of Civil Procedure.  In the alternative, the defendant respectfully requests that its motion for a more specific statement be granted and that plaintiff be ordered to file an amended complaint that complies with the directives of Federal Rule of Civil Procedure 8(a).  The basis for this motion is set forth in the accompanying Memorandum of Law.

                                                Respectfully submitted,

                                                PATRICK L. MEEHAN
                                                United States Attorney

                                                _____

                                                JAMES G. SHEEHAN
                                                Chief, Civil Division

                                                _____

                                                NURIYE C. UYGUR
                                                Assistant United States Attorney

Of Counsel:

Mary Ellen Krober, Esq.
Attorney
United States Postal Service

August 12, 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
KENNETH L. HOFFMAN,               :
                                  :
          Plaintiff,              :
     v.                           :     No. 02- CV-3678
                                  :
JOHN E. POTTER,                   :
POSTMASTER GENERAL,               :
UNITED STATES POSTAL SERVICE      :
                                  :
          Defendant.              :
```

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS OR, IN THE**
**ALTERNATIVE, MOTION FOR A MORE SPECIFIC STATEMENT**

The defendant respectfully moves this Court to dismiss plaintiff's complaint for failure to serve it upon the United States Postal Service in accordance with Federal Rule of Civil Procedure 4(i).  In the absence of proof of service and in the absence of good cause for this failure by plaintiff, this matter should be dismissed without prejudice to refiling.  In the alternative, the defendant respectfully requests that its motion for a more specific statement be granted and that the Court order plaintiff to file an amended complaint that complies with the directives of Federal Rule of Civil Procedure 8(a).

**Failure of Service**

Federal Rule of Civil Procedure 4(i) outlines proper service on the Federal Government.  It requires that service of the Summons and Complaint be made upon the Attorney General of the United States in Washington, D.C., by certified and registered

mail and upon the United States Attorney for the Eastern District of Pennsylvania by certified or registered mail. Specifically, Federal Rule of Civil Procedure 4(i)(2) outlines the procedure for service upon an agency of the United States as follows:

> Service upon an officer, agency, or corporation of the United States shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, agency or corporation.

Paragraph (1) of Federal Rule of Civil Procedure 4(i) outlines the requirements for service as follows:

> Service upon the United States shall be effected
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
> (B) by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, . . . .

Neither the United State Attorney General nor the Postmaster

General of the United States Postal Service has been served with a copy of the complaint.

Service has not been made upon the defendant as outlined above.  The defendant respectfully moves this Court to dismiss plaintiff's complaint for failure of proper service.  Therefore, in accordance with Fed. R. Civ. P. 4, plaintiff's complaint should be dismissed without prejudice for failure of service.

### **More Specific Statement Required**

Plaintiff filed a <u>pro se</u> complaint against the defendant on June 20, 2002.  The Complaint is set forth on a form consisting of two, pre-printed pages, comprised of six paragraphs.  Paragraphs one and two identify the parties.  Paragraph five and six direct a plaintiff to attach a copy of the Notice of Right To Sue letter, if there is one, and to state whether or not a jury trial is demanded.

Paragraphs three and four address the pleading requirements of Fed. R. Civ. P. 8(a).  Rule 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  <u>Id.</u>  Paragraph three of plaintiff's complaint is titled "Statement of Claim" and directs a plaintiff to "Fill in the facts of your case, and state why you are filing this law suit.  Give names,

dates and places as best you can." Plaintiff filled in the following in response to this question: "Facts are on Notice of Final Action of EEOC. No. ▮▮▮▮▮▮X." Plaintiff attached a copy of the Notice of Final Action, a document that had been issued by the United States Postal Service in the plaintiff's administrative EEO claim. Paragraph four of the pre-printed complaint directs a plaintiff to "Fill in what you are requesting in this case." Plaintiff writes "Fair Justice" in response.

Defendant is in need of a more definite statement because plaintiff's complaint fails to meet the minimal pleading requirements of Rule 8(a). Fed. R. Civ. P 12(e) permits a responding party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Although motion for a more definite statement are generally disfavored in light of principles of notice pleading, Rule 12(e) provides a remedy where a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading or simple denial. <u>Frazier v. Southeastern Pennsylvania Transp. Authority</u> 868 F. Supp. 757 (E.D. Pa. 1994). A pleading that fails to comply with the requisites of notice pleading as set forth in Fed. R. Civ. P. 8(a) is insufficient. <u>Eisenach v. Miller-Dwan Medical Center</u>, 162 F.R.D. 346 (D. MN. 1995).

The complaint herein fails to meet the requirements of Rule

8(a) in at least two respects. First, Rule 8(a)(2) requires the pleader to provide "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Statement of Claim paragraph of the complaint in this case contains no statement of plaintiff's claim. Rather, it states that "facts are on Notice of Final Action of EEOC No. 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X." Of course, the Notice of Final Action is not a document prepared by or on behalf of the plaintiff. Rather, it was issued by the defendant in its administrative proceeding. It both adopts the decision rendered by an EEOC administrative judge in plaintiff's administrative EEO claim and informs plaintiff of his various rights to appeal from the defendant's action. It is not, in any sense, plaintiff's statement of his claim. Furthermore, the majority of the document is a recitation of plaintiff's various rights to appeal from the defendant's final action. No facts are contained in this document from which the defendant can fashion an meaningful response or that shows "the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Second, Rule 8(a)(3) requires the pleader to provide "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(3). In paragraph 4 of the complaint in this case where the Court form directs the plaintiff to "fill in what you are requesting in this case," the plaintiff writes "Fair Justice." Fair Justice is an inadequate description of the basis for relief that the plaintiff seeks. At a minimum, a plaintiff

must be required to identify relief that the Court has power to order in a civil case.

Rule 12(e) motion for a more specific statement should be granted if the complaint is too ambiguous to reasonably enable the defendant to answer it. <u>Kelly v. LL Cool J</u>, 145 F.R.D. 32, 35 (S.D.N.Y. 1999). The complaint herein is too ambiguous to reasonably enable the defendant to answer it. Because plaintiff has not provided either any factual allegations concerning the details of this claim or a recitation of the relief sought, the complaint is inadequate. Defendant's motion for a more specific statement should be granted.

WHEREFORE, for the reasons set forth herein, the defendant respectfully requests that its motion to dismiss be granted or, in the alternative, that its motion for a more specific statement be granted. Plaintiff should be directed to file an amended complaint that complies with the directives of Fed. R. Civ. P. 8(a).

                                        Respectfully submitted,

                                        PATRICK L. MEEHAN
                                        United States Attorney

                                        _____

                                        JAMES G. SHEEHAN
                                        Chief, Civil Division

                                        _____

                                        NURIYE C. UYGUR
                                        Assistant United States Attorney

Of Counsel:

Mary Ellen Krober, Esq.
Attorney
United States Postal Service

August 12, 2002

## **CERTIFICATE OF SERVICE**

I certify that, on this date, a true and correct copy of the foregoing Proposed Order, Motion to Dismiss Or In The Alternative, Motion for A More Definite Statement, and Memorandum of Law in Support Thereof was served by First Class mail, postage pre-paid, upon the following:

>Kenneth L. Hoffman
>20 Winding Way
>Malvern, PA 19355
>
>Plaintiff

_____
Nuriye C. Uygur
Assistant United States Attorney

Dated: August 12, 2002