IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH L. HOFFMAN,                          :
                                             :
                          Plaintiff,         :
          v.                                 :        No. 02- CV-3678
                                             :
JOHN E. POTTER,                              :
POSTMASTER GENERAL,                          :
UNITED STATES POSTAL SERVICE                 :
                                             :
          Defendant.                         :

<u>DEFENDANT'S ANSWER TO AMENDED COMPLAINT</u>

Defendant, John E. Potter, Postmaster General, United States Postal Service, by and through

his attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and

Nuriye C. Uygur, Assistant United States Attorney for the same District, hereby answer the complaint

of plaintiff Kenneth L. Hoffman as follows.

**<u>Preliminary Statement</u>**

The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization

of this action to which no response is required; to the extent that they may be deemed allegations of

fact, they are denied.

**<u>Parties</u>**

2.     Admitted.

3.     Denied.  Defendant avers that, according to plaintiff's application for employment with

the United States Postal Service, plaintiff's date of birth is March 7, 1951 and he is 51 years old.

4.     Admitted that John E. Potter is currently the Postmaster General of the United States

Postal Service, which an independent establishment of the United States government.  Denies the

remaining allegations contained paragraph 4 as conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5.    Admitted that the United States Postal Service is an independent establishment of the United States government, and that it operates the Phoenixville, Pennsylvania Post Office.  Denies the remaining allegations contained in paragraph 5 as conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6.    Admitted that the United States Postal Service employs more than 300 employees. Denies the remaining allegations contained in paragraph 6 as conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7.    The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted.

## Jurisdiction

8.    The allegations contained in paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9.    The allegations contained in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10.    The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted.

11.    Admitted.

12.    Admitted that the agency decision is dated March 11, 2002, and that plaintiff filed his complaint on June 10, 2002; denies the remaining allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.  Defendant avers that exhibit A to plaintiff's complaint is a true and correct copy of Notice of Final Action.

**Factual Allegations**

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Denied as stated. Admitted that defendant hired two probationary letter carriers at the Phoenixville Post Office who were under the age of 40 at or about the time plaintiff was hired; defendant further avers that, at the same time period, it also hired two probationary letter carriers at the Phoenixville Post Office who were older than 40.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied as stated.  Admitted that all of the probationary letter carriers who were hired at the Phoenixville Post Office at about the same time as plaintiff were trained on casing multiple routes.

22.    Denied.

23.    Denied.

24.    Admitted only that plaintiff's employment was terminated prior to the completion of the 90-day probationary period; the remaining allegations contained in paragraph 24 are denied.

25.    Denied.

26.    Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.    Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.    Denied.

29.    Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30.    Denied.

31.    Denied.

32.    Admitted.

33.    Denied.

34.    Denied.

## COUNT I - Employment Discrimination/ADEA Age Based

35.    Defendant incorporates by reference its responses to paragraphs 1-34 above as though fully restated herein.

36.    The allegations contained in paragraph 36 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37.    Denied.

38.    The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39.    The allegations contained in paragraph 39 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40.    The allegations contained in paragraph 40 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41.    The allegations contained in paragraph 41 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42.    The allegations contained in paragraph 42 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## COUNT II - Employment Discrimination Americans with Disabilities Act

43.    Defendant incorporates by reference its responses to paragraphs 1-42 above as though fully restated herein.

44.    The allegations contained in paragraph 44 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45.     The allegations contained in paragraph 45 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46.    The allegations contained in paragraph 46 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Defendant avers that punitive damages are not available against the United States, and that the Americans with Disabilities Act is not applicable to the United States, its agencies or officials.

47.     The allegations contained in paragraph 47 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48.     The allegations contained in paragraph 48 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## Prayer for Relief

The allegations contained in the WHEREFORE paragraph following paragraph 48 are a demand for judgment to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Furthermore, denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The employment actions taken by defendant, his agents and employees were taken for legitimate, nondiscriminatory reasons and were not pretextual or retaliatory.

## SECOND AFFIRMATIVE DEFENSE

All actions taken by defendant, his representatives and employees with respect to plaintiff's employment were non-discriminatory and were based upon good faith and were not in violation of any federal or state law prohibiting discrimination based upon race, gender, age, disability, or any other protected class or activity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no discrimination, disparate treatment, harassment or retaliation for protected Equal Employment Opportunity activities.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief, compensatory or punitive damages or to costs and attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE

The alleged conduct plaintiff cites, if true, was not pervasive or regular.

### SIXTH AFFIRMATIVE DEFENSE

The alleged conduct plaintiff cites did not detrimentally affect the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has no actual or constructive notice of the conduct that is described by the plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to notify defendant of the conduct at issue to permit corrective action to be taken.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

The Americans with Disabilities Act is not applicable to the United States, its agencies, or officials.

### ELEVENTH AFFIRMATIVE DEFENSE

Under the Age Discrimination in Employment Act, plaintiff is not entitled to a jury trial, compensatory or punitive damages against the United States, its agencies or officials.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff does not meet the definition of a qualified handicapped individual under the Rehabilitative Act.

Furthermore, defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendant prays that the complaint be dismissed, and that judgment be awarded in favor of defendant together with costs, and for such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____

VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division


_____

NURIYE C. UYGUR
Assistant United States Attorney

Of Counsel:

Mary Ellen Krober, Esq.
Attorney
United States Postal Service

Dated: February 11,  2003

<u>CERTIFICATE OF SERVICE</u>

I, Nuriye C. Uygur, hereby certify that on the 11th day of February, 2003, I caused

a copy of the foregoing Answer to be served by first class mail, postage prepaid upon:

Harold M. Goldner, Esquire
1420 Walnut Street
Suite 1500
Philadelphia, PA 19102

_____
NURIYE C. UYGUR
Assistant United States Attorney