IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH L. HOFFMAN, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>JOHN E. POTTER, POSTMASTER )<br>GENERAL, UNITED STATES POSTAL )<br>SERVICE, )<br>  Defendant. ) | No. 02-CV-3678 |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant, John E. Potter, Postmaster General of the United States Postal Service, by and through his attorneys, Patrick L. Meehan, United States Attorney, in and for the Eastern District of Pennsylvania, and Nuriye C. Uygur, Assistant United States Attorney for the same district, submits the following Pretrial Memorandum.

I.  **NATURE OF THE ACTION AND JURISDICTION:**

Plaintiff's Amended Complaint alleges unlawful discrimination under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*. ("ADEA") and the Americans with Disabilities Act, 42 U.S.C. §122101, *et seq*.[1]  Plaintiff maintains that he was

---

[1] The law is well-established that the ADA prohibits a covered entity from discriminating against an individual with a disability.  42 U.S.C. §12112(a).  Although employers are covered entities under the ADA, the United States is specifically excluded from its definition.  42 U.S.C. §12111(C).  The United States Postal Service "is a branch of the United States government and so does not fall within the auspices of the ADA."  D'Antonio v. Runyon, No. Civ.A. 93-3278 1994 WL 622107, at *5. (E.D.Pa. Nov. 8, 1994).  Plaintiff's allegations appropriately fall within the scope of the Rehabilitation Act of 1973.  Since cases that fall under the auspices of The Americans With Disabilities Act and/or the Rehabilitation Act of 1973 are determined by essentially the same threshold standards, plaintiff's claims will be analyzed under the presumption that plaintiff identified The Rehabilitation Act of 1973 as the proper legal authority. See McDonald v. Commonwealth of Pennsylvania, 62 F.3d 92, 94-95 (3d Cir. 1999) (congressional intention that identical standards were to be applied to both acts).

terminated from the Post Office during his probationary period of employment based upon age and disability discrimination. The evidence, however, establishes that plaintiff was terminated for failing to achieve the minimum performance standard for a letter carrier for the Post Office. Specifically, plaintiff's claims fail for the following reasons:

    1. Plaintiff is unable to establish a *prima facie* case of age discrimination because plaintiff was not qualified for the position as a letter carrier and because similarly situated employees, not of the protected class, did not receive more favorable treatment. In addition, plaintiff failed to offer any evidence that age was a determinative factor in his termination.

    2. Plaintiff is unable to establish a *prima facie* case of disability discrimination. First, Mr. Hoffman was not "disabled" within the meaning of the Rehabilitation Act at the time of his employment with the Post Office. On this point, Mr. Hoffman himself testified that, until being fired from the Post Office, he was not disabled or limited in a major life activity. He testified that the only reason he sought a disability rating from the Veterans Administration prior to his employment with the Post Office was to get 10 points on his civil service exam. Mr. Hoffman testified that, prior to his discharge, he was able to work and maintain his familial obligations. In addition, Mr. Hoffman testified that he never informed his supervisors that he had a disability or requested an accommodation. Second, plaintiff was not "otherwise qualified" for the position as a letter carrier. Mr. Hoffman was unable to master the minimum performance standards necessary to successfully complete his probationary period of employment as a letter carrier for the Post Office. Plaintiff was unable to meet standard performance times for casing mail (organizing mail by address for delivery) and delivering mail on time and without assistance from other letter carriers. (Mr. Hoffman was known to ask residents on his mail route where the

next address was located and the Postmaster had to send other letter carriers out to help plaintiff deliver mail).

3. The United States Postal Service is exempt from awards for punitive damages under Title VII.

The Postal Service denies any and all allegations of discrimination against plaintiff. Plaintiff was not terminated due to his age or his alleged disability, but because he was simply unable to perform the essential functions of the job for which he was hired. This determination was based upon objective standards established by the Postal Service.

**II. WITNESSES:**

1. Jeffrey Schoch
   Postmaster
   Phoenixville Post Office
   116 Gay Street
   Phoenixville, PA  19460

   Mr. Schoch has information regarding the standards required by the Postal Service for letter carriers; supervision of postal employees, including plaintiff; and plaintiff's inability to perform the duties required of him as a letter carrier.

2. Kevin Cepko
   Pottstown Post Office
   770 E. High Street
   Pottstown, PA  19464

   Mr. Cepko has information regarding the standards required by the Postal Service for letter carriers; supervision of postal employees; and plaintiff's inability to perform the duties required of him as a letter carrier.

3.      Joseph Bonner
         1400 Beaver Road
         Southampton, PA 18966-3308

Mr. Bonner has information regarding the standards required by the Postal Service for letter carriers; supervision of postal employees; and plaintiff's inability to perform the duties required of him as a letter carrier.

4.      Kenneth Sands
         621 Dayton Road
         Bryn Mawr, PA 19010-3801

Mr. Sands has information regarding the standards required by the Postal Service for letter carriers; supervision of postal employees; and plaintiff's inability to perform the duties required of him as a letter carrier.

5.      Plaintiff Kenneth L. Hoffman

Mr. Hoffman has information related to his claims in this case and the damages he allegedly suffered.

6       Denise Hoffman, wife of Plaintiff

Ms. Hoffman has information related to the alleged damages plaintiff claims in this case.

7.      Any and all witnesses listed on plaintiff's witness list

Defendant reserves the right to call any witnesses identified by plaintiff as witnesses at trial.

**III.  EXHIBITS:**

    1.    Plaintiff's Amended Complaint;
    2.    Plaintiff's Official Personnel File from the United States Postal Service;
    3.    Plaintiff's EEOC files, including the December 18, 2001 hearing transcript;
    4.    "Clock ring" documents from the United States Postal Service;

5. Plaintiff's Medical Records from the Veteran's Administration**;**
6. Deposition Transcript of Jeffrey Schoch, taken August 20, 2003;
7. Deposition Transcript of Kevin Cepko, taken August 20, 2003;
8. Deposition Transcript of Joseph Bonner, taken September 11, 2003;
9. Deposition Transcript of Kenneth S. Sands, taken September 19, 2003;
10. Deposition Transcript of Kenneth L. Hoffman, taken September 11, 2003;
11. Defendant reserves the right to rely upon any exhibits identified and introduced into evidence by plaintiff's counsel.

**IV.  NUMBER OF DAYS FOR TRIAL:**

It is anticipated that this trial will last approximately three days.

Respectfully submitted,

PATRICK L. MEEHAN

_____
VIRGINIA A. GIBSON
Chief, Civil Division

_____
NURIYE C. UYGUR
Assistant United States Attorney

Of Counsel:

Mary Ellen Krober, Esq.
Attorney
United States Postal Service

DATED: September 26, 2003

CERTIFICATE OF SERVICE

        I, Nuriye C. Uygur, hereby certify that on the 26th day of September, 2003, I caused a copy of the foregoing Pretrial Memorandum to be served by same day hand delivery:

Harold M. Goldner, Esquire
1420 Walnut Street
Suite 1500
Philadelphia, PA 19102

_____
NURIYE C. UYGUR
Assistant United States Attorney