IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH L. HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  02-CV-3678 |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN
SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

No issues of fact are in dispute regarding the following issues; therefore, this Court's grant of summary judgment is appropriate in this case:

1. Plaintiff did not have a disability that substantially limited a major life activity while working for the Post Office.  Plaintiff's Opposition Brief at 12-13.

2. Plaintiff did not have a record of impairment that substantially limited a major life activity at the time he worked for the Post Office.  Id.

3. Plaintiff has not identified a "wide range of jobs" to which he was regarded as being unable to perform during his employment with the Post Office.  Complaint ¶30.

4. Plaintiff's supervisors concluded that plaintiff did not meet the minimum qualifications of the job of letter carrier during his probationary period of employment at the Post Office.  Plaintiff's Opposition Brief at 12.

5. Plaintiff is not entitled to punitive damages against defendant under the Age Discrimination in Employment Act or the Rehabilitation Act.  Plaintiff's Opposition Brief at 2, n.2.

Each issue will be discussed briefly below.

First, plaintiff does not dispute his sworn deposition testimony that, prior to his discharge from the Post Office, he was not limited in a major life activity.  Defendant's Motion for

Summary Judgment at 11-15.  Therefore, by his own admissions at his deposition, he does not satisfy the first definition of "disabled" under the Rehabilitation Act.

Second, plaintiff claims that the fact that he was not limited in a major life activity is irrelevant because he has a "record of" a disability.  Plaintiff's Opposition Brief at 13.  Plaintiff claims that plaintiff's certificate of discharge from the armed services creates a "record of disability" and that this is enough to create a record of a disability for purposes of the Rehabilitation Act.  Id.  Plaintiff's assumptions are incorrect.  To prevail under the "record of" disabled definition in the Rehabilitation Act, plaintiff must have a record of a disability that limits a major life activity.  School Board of Nassau County v. Arline, 480 U.S. 273, 281 (1987)(a record of impairment is an actionable disability when it substantially limits one or more major life activities); see also Buskirk v. Appollo Metals, 116 F.Supp.2d 591, 600 (E.D.Pa. 2000), appealed and aff'd on other grounds, 307 F.3d 160 (3d Cir. 2002) ("If an impairment does not substantially limit a major life activity, a history of those same impairments cannot constitute a record of impairment", quoting Colwell v. Suffolk County Police Dept., 158 F.3d 635, 645 (2d Cir. 1998)).[1]  By plaintiff's own admissions at his deposition, he did not have a disability that interfered with one or more major life activities prior to being fired from the Post Office.  Defendant's Motion for Summary Judgment at 12-15.  Plaintiff testified that he put the past behind him, worked at various different positions for 25 years without medication and/or

---

[1] Other circuits agree with this conclusion.  For instance, in Heisler v. Metropolitan Council, 339 F.3d 622 (8th Cir. 2003), plaintiff claimed to have a record of impairment because she had been hospitalized several times in the past for depression.  First, the court noted that evidence of hospitalizations is not enough under the ADA.  Id. at 630 (quoting Gutridge v. Clure, 153 F.3d 898, 901 (8th Cir. 1998), cert.denied, 526 U.S. 1113 (1999)).  Although plaintiff had been hospitalized on four occasions, her ability to work and live independently throughout these hospitalizations established that she was not limited in major life activities.  Id.  The same is true for plaintiff.

treatment and married and raised a family. Defendant's Appendix A-22. Plaintiff testified that the only reason he sought treatment at the VA prior to his employment with the Postal Service was to secure an additional ten points on his civil service exam. Defendant's Appendix A-43, A-44. These undisputed facts establish that he does not have a record of an impairment that substantially limits a major life activity. Id. As such, his VA disability record is not a "record of" a disability as defined by the Rehabilitation Act.

Third, plaintiff can not make out a case of "perceived as" disabled. To make out a claim for "perceived as" discrimination, a plaintiff must allege and show that the employer mistakenly believed that the employee suffered from an impairment that made him incapable of performing a wide range of jobs. Murphy v. U.P.S., Inc., 527 U.S. 516, 524 (1999); Rinehimer, 292 F.3d 375, 382 (3rd Cir. 2002)(emphasis added); Taylor v. Pathmark Stores, Inc., 177 F.3d 180 (3rd Cir. 1999). Plaintiff has never alleged that the Post Office thought he was incapable of performing a wide range of jobs - only the job of a letter carrier.[2] See Complaint ¶30. Inability to preform

---

[2] Although this issue need not be addressed for the Court to dispose of plaintiff's case by summary judgment, defendant disputes plaintiff's factual allegation that he was regarded as having a disability because he heard such terms as "coo-coo" and "Rambo" being yelled by co-workers on the floor of the Phoenixville Post Office. Postal employees called by the plaintiff to support his case at his EEO hearing testified that any comments that could have been made were not directed at plaintiff, but were a general manner of joking on the floor. Defendant's Appendix at A-5 through A-8. Further, a co-worker of plaintiff, William Garner, testified that "Those terms have been used prior to his getting there. . . They were also said when he wasn't there, but, from his perspective, he might have felt that they were directed at him." Defendant's *Supplemental* Appendix, at A-5. In addition, plaintiff never informed his supervisors that these statements were being made or notified his supervisors that he was offended by these comments so no direct evidence exists that management was aware of the alleged situation. Defendant's Appendix at A10, A-11; Appendix at A-29; Appendix at A-14, A-15; Appendix at A-19, A-20. Moreover, plaintiff believed such terms were mentioned to him because he was a veteran and not because he had any "disability." Defendant's Appendix at A-30. Because these comments were not directed at plaintiff, predated his employment with the Post Office and were made because

one job is not enough. McKenzie v. Davola, 242 F.3d 967, 971-72 (10th Cir. 2001) (citing 29 C.F.R. §1630(j)(3)(i).). Plaintiff applied for a position at the Post Office and recounted on his application more than 20 years of regular employment in a wide variety of jobs. Defendant's *Supplemental* Appendix, A-1 through A-4 (Application for Employment). Plaintiff never provided notice that he was disabled in major life activity or was incapable of performing a wide range of jobs. To the contrary, when asked on his application at question number 8, "Kind of Job Applied for and Postal Facility Name & Location (City & State)," plaintiff noted "any". Appendix at A-1, A-2. Plaintiff testified that he never told his supervisors that he suffered from any disability during his employment or requested an accommodation. Defendant's Appendix, A-12, A-13. Accordingly, plaintiff has failed to allege that he was regarded as being disabled from performing a wide range of jobs. In the absence of any such proof, plaintiff has failed to establish a *prima facia* case for "regarded as" disabled. Plaintiff's failure to satisfy one of the three definitions of "disability" means that he cannot avail himself of the protections of the Rehabilitation Act. Defendant is entitled to judgment as a matter of law on plaintiff's Rehabilitation Act claim.

Fourth, summary judgment should be granted on plaintiff's age discrimination claim because he does not dispute that his supervisor's regarded his job performance as deficient and because no evidence has been offered that, "but for" his age, he would not have been terminated.. Plaintiff's Opposition Brief at 12. Plaintiff only challenges their decision to terminate him by arguing, that based upon his opinion of his own job performance, he was qualified to perform the

---

various employees were veterans and not disabled, they can not serve as notice to management that plaintiff was regarded as disabled.

job of letter carrier at the time of his termination.[3]  Of course, it is Hornbook law that, plaintiff's opinion about, or perception of his own performance or job standard is not relevant.  The fact that an employee disagrees with an employer's evaluation of his or what is required of him on the job does not prove discrimination.  Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101 (3rd Cir. 1997 (en banc).  In addition, plaintiff wholly failed to offer any evidence that age was a determinative factor in his termination.  No evidence has been offered that, "but for" his age, he would not have been terminated.  LaMontage v. American Convenience Products, Inc., 750 F.2d 1405, 1409 (7th Cir. 1984).  As such, plaintiff ADEA claim must fail.  Because plaintiff adduces no evidence to show that his supervisors thought he met the minium qualification of the job of letter carrier and because no evidence has been offered that, "but for" his age, he would not have been terminated, plaintiff's ADEA claim should be dismissed.

---

[3] Plaintiff attaches at pages 103-104 of his appendix an "Analysis of Clock Rings."  This document purports to show that his performance was superior to that of two other probationary employees.  This document misrepresents the performance of each of the three probationary employees by comparing only samplings of plaintiff's job performance 7 days compared to 15 days and 23 days respectively for Brian Bonsall and Phil Marcantonio, two other probationary employees.  This comparison serves to create the false perception that plaintiff was performing better than his two probationary counterparts.  That is not true.  The complete clock ring records for each employees' full probationary period confirms that plaintiff was not performing up to standards.  The testimony of plaintiff's supervisors also confirms this fact.  Jeffrey Schoch and Kevin Cepko testified that, while the requirements were to case and carry three separate routes in an eight hour period, plaintiff could not case and carry even one route in eight hours.  Defendant's Appendix A-48, A-50; A-40, A-41.

It appears that this spreadsheet was created by plaintiff to attach to his reply memorandum.  Summary judgment motions can only be determined based on the "record" and not a document created by plaintiff interpreting other documents.   Defendant respectfully requests the Court to disregard this document because it is misleading, irrelevant and beyond the scope of that which can be considered in deciding defendant's motion.

Fifth and finally, plaintiff's claim for punitive damages is not cognizable under Federal law. Plaintiff concedes this point in his response brief. Plaintiff's Opposition Brief at 2, n. 2. As such, plaintiff's claims for punitive damages must be dismissed.

## CONCLUSION

Defendant respectfully requests that his motion for summary judgment be granted.

Respectfully submitted,

PATRICK L. MEEHAN
UNITED STATES ATTORNEY


_____
VIRGINIA A. GIBSON
CHIEF, CIVIL DIVISION


_____
NURIYE C. UYGUR
ASSISTANT UNITED STATES ATTORNEY

Of Counsel:

Mary Ellen Krober, Esq.
Attorney
United States Postal Service

Dated: October 21, 2003

**CERTIFICATE OF SERVICE**

       I, Nuriye C. Uygur, hereby certify that on the 21st day of October, 2003, I caused a copy of the foregoing Defendant's Reply Brief in Support of Motion for Summary Judgment to be served by US Mail upon:

Harold M. Goldner, Esquire
1420 Walnut Street
Suite 1500
Philadelphia, PA 19102

 

_____
NURIYE C. UYGUR
Assistant United States Attorney