IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH L. HOFFMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, Postmaster General, | : | No. 02-3678 |
| United States Postal Service | : | |

O'Neill, J.                                      March    , 2004

MEMORANDUM

INTRODUCTION

Plaintiff, Kenneth L. Hoffman, brings this action against John E. Potter, Postmaster

General of the United States Postal Service alleging age and disability discrimination in violation

of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and the Rehabilitation

Act of 1973, 29 U.S.C. § 701, *et seq.*[1]  In addition to actual damages, attorneys' fees and costs,

plaintiff has requested punitive damages.  Before me now is defendant's motion for summary

judgment, plaintiff's response thereto and defendant's reply brief.

BACKGROUND

The U.S. Postal Service hired plaintiff in February 1996.  Plaintiff was assigned to be a

letter carrier in the Phoenixville, Pennsylvania post office.  The Postal Service hires new letter

carriers for a ninety day probationary period.  At the time of his hiring plaintiff was over the age

---

[1] The amended complaint purports to bring plaintiff's disability discrimination claim
under the Americans with Disabilities Act, 42 U.S.C. § 122101, *et seq.*  The U.S. Postal Service
is not subject to suit under the ADA.  42 U.S.C. § 12111(5)(B)(i).  Congress imposed upon the
Postal Service the standards set forth in the ADA by enacting the Rehabilitation Act.  Shiring v.
Runyon, 90 F.3d 827, 830-31 (3d Cir. 1996).  Therefore, I will treat plaintiff's disability
discrimination claim as if plead under the Rehabilitation Act.

of forty and had been diagnosed as suffering from hypertension and anxiety.

At or about the time plaintiff was hired the Postal Service hired two additional probationary letter carriers at the Phoenixville post office. Both of the other probationary letter carriers were under forty years old and without disability. They were hired at the end of their probationary period.

Prior to the end of his probationary employment period the Postal Service terminated plaintiff's employment. Plaintiff claims that he successfully performed the duties of his position, despite the disparate training and treatment he claims to have received as a result of age and disability discrimination. Plaintiff alleges that his termination was also a result of age and disability discrimination by the Postal Service and that the Postal Service's purported reason for the termination, his inadequate performance, was merely a pretext for that discrimination.

STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact," the moving party is entitled to summary judgment. Fed. R. Civ. P. 56(c). I will apply the this rule in accordance with Supreme Court and Third Circuit precedent. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).

DISCUSSION

**I.    The ADEA**

The burden of proof for discrimination cases was established by <u>McDonnell Douglas</u>

<u>Corp. v. Green</u>, 411 U.S. 792 (1973).[2]  Under the <u>McDonnell Douglas</u> line of cases, as applied to

the ADEA, a three step analysis applies to pretext discrimination cases. <u>Id.</u> at 802-04.  First, the

plaintiff must establish a prima facie case of discrimination.  <u>St. Mary's Honor Center v. Hicks</u>,

509 U.S. 502, 506 (1993).  Plaintiff establishes a prima facie case if he shows that he (1) is a

member of the protected class, i.e. at least 40 years of age; (2) is qualified for the position; (3)

suffered an adverse employment decision; and (4) has sufficient evidence to create an inference

of age discrimination.  <u>Simpson</u>, 142 F.2d at 644, n.5.  The standard by which plaintiff must

prove his prima facie case is by a preponderance of the evidence.  <u>Texas Dept. of Community</u>

<u>Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).  Second, upon such a showing by the plaintiff, the

burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for

the adverse decision.  <u>Hicks</u>, 509 U.S. at 506-07.  Third, the plaintiff must then demonstrate that

the employer's articulated reason was not the actual reason, but rather a pretext for

discrimination.  <u>Id.</u> at 507.  The burden of proving discrimination rests at all times with plaintiff.

<u>Burdine</u>, 450 U.S. at 253.

   **A.    Plaintiff's Prima Facie Case**

Plaintiff has established that he is a member of the protected class of the ADEA.  He was

_____

   [2] Although <u>McDonnell Douglas</u> involved a claim brought under Title VII of the Civil
Rights Act of 1964, its analytical framework applies to claims brought under the ADEA and the
Rehabilitation Act.  <u>See</u> <u>Simpson v. Kay Jewelers</u>, 142 F.3d 639, 643-44 (3d Cir. 1998);
<u>Newman v. GHS Osteopathic, Inc.</u>, 60 F.3d 153, 157 (3d Cir. 1995).

over forty years old when all relevant employment decisions were made.  He suffered an adverse employment action when he was discharged from his position as probationary letter carrier.

The parties agree that a letter carrier must be proficient at casing[3] and delivering mail. Plaintiff's only evidence in support of his contention that he was qualified for the position of letter carrier is employee time records from the Phoenixville post office.  Each letter carrier has an identification badge which he is to swipe in a computer system to keep track of what task he has just completed.  The computer system prints reports of letter carrier time called "clock rings" so that supervisors can monitor how much time each carrier is spending on his daily tasks. Plaintiff points to the clock rings of himself and two younger probationary employees who were hired, Phil Marcantonio and Brian Bonsall, as evidence supporting his position that he was qualified for the position.  Pl.'s Reply to Def.'s Mot. for Summ. J. app. at 68-111.  I find those clock rings to be of no probative value because they do not contain items of information that are necessary to explain the quality of the work completed by each employee; for example, what tasks plaintiff was assigned (more than just the route number on which he was working), the quality of his work (whether mail was cased and delivered correctly), whether he required assistance to finish his assignments and whether he showed signs of improving his level of performance.

Plaintiff attempts to create an inference of age discrimination by comparing his own time records to those of the two younger probationary letter carriers who started at the Phoenixville post office about the same time plaintiff began working there.  Plaintiff argues that the clock

---

[3] "Casing" is the term used by the Post Office to describe the job of sorting mail by address so that it is ready to be delivered.

rings show both that the younger letter carriers received more training than he did and that

plaintiff performed the job of letter carrier better than they did.

Because Bonsall's clock rings only cover his first 32 days on the job, I will compare the

records of each employee's first 32 days in the employ of the Postal Service to determine whether

plaintiff has produced evidence that he received less casing time because he is older. Using the

records plaintiff has provided for the first 32 days of each letter carrier's employment I find that

plaintiff spent approximately 86 hours casing mail, Marcantonio spent approximately 65 hours

casing and Bonsall spent approximately 74 hours casing.[4] Pl.'s Reply app. at 106-10. Because

he actually spent more time casing mail than either of the younger letter carriers, plaintiff has not

presented evidence that he was discriminated against in the amount of casing time he was given.

Plaintiff's evidence does not show that he performed better that the two younger

---

[4] Postmaster Schoch reports different numbers covering a different period. His tally is more reliable than mine because he has access to more detailed records than I do and can distinguish casing time from other office work. He considers the entire period of plaintiff's employment, but the result is the same: plaintiff received more casing time than either of the younger probationary letter carriers.

Postmaster Schoch's affidavit states:

For the time period of February 12, 1996 through April 30, 1996, the following casing times were recorded for Kenneth Hoffman, Brian Bonsall and Phil Marcantonio:

| Probationary Employee | Total Casing Time (AM and PM) |
| --- | --- |
| Kenneth L. Hoffman | 189.39 |
| Brian Bonsall | 75.89 |
| Phil Marcantonio | 114.34 |

Def.'s Mot. for Summ. J. app. at 61-64.

probationary letter carriers.  The evidence that plaintiff points to on this issue is again the clock

rings of the three employees.  Plaintiff argues that the clock rings show that he was more

successful at casing and delivering a route when given the opportunity than were the other two

probationary letter carriers.  As I mentioned before, I find that the clock rings are not probative

on the issue of job performance because they do not contain sufficient information.  They do not

show whether the letter carrier had help on the route, misdelivered mail or created other customer

service problems.

### B.  Defendant's Non-discriminatory Reason

Even if plaintiff had made out a prima facie case of age discrimination, defendant

presents a well-supported claim that it had a legitimate non-discriminatory reason for not offering

plaintiff a permanent letter carrier position.  Defendant states that plaintiff was not hired because

he failed to master the essential functions of a letter carrier.

As standard practice the Postal Service has probationary letter carriers' supervisors

complete an Employee Evaluation and/or Probationary Report 30, 60 and 80 days after the

employee begins working for the Postal Service.  Kenneth Sands, a delivery supervisor at the

Phoenixville post office, completed the evaluations of plaintiff's performance.  Pl.'s Reply app.

at 25-26.  Sands testified that for these reviews he gathered information about what the

probationary employee had done.  Id. at 27-28.  He stated that his expectations would vary with

what assignments the employee had been given.  Id.  Two important factors that Sands

mentioned were attendance and reporting times, "[t]o see if they're on schedule, to see how long

they're taking."  Id.  Sands also considered whether the employee had any assistance while

delivering the mail.  Id. at 31.  Postmaster Schoch added that customer complaints and mis-

delivered mail are problems that would affect a letter carrier's performance evaluation. <u>Id.</u> at 48-49.

Plaintiff's scores for almost every category on his 30, 60 and 80 day evaluations were "unacceptable." Def. Mot. app. at 3, boxes 7b, 8b and 9b. At each review he received a "satisfactory" rating for work relations and at the 60 and 80 day reviews he received a "satisfactory" rating for work methods. <u>Id.</u> His "unacceptable" ratings were for: work quantity, work qualify, dependability and personal conduct. <u>Id.</u> Plaintiff signed each review. <u>Id.</u>

In addition to the performance reviews, defendant has provided testimony by plaintiff's supervisors that support its position that plaintiff was not qualified for the job. Postmaster Schoch testified that plaintiff's ability to case the mail was "the biggest thing that hurt him." <u>Id.</u> at 69. One of the shift supervisors testified that he helped plaintiff with his casing "many times". <u>Id.</u> at 38. Plaintiff never met the minimum standards of casing ability expected for probationary letter carriers. <u>Id.</u> at 41; 59-60; 63.

There is also evidence that plaintiff did not meet the performance requirements for delivering mail. Postmaster Schoch testified that postal customers called him to complain about plaintiff asking them to help him find addresses on his route. <u>Id.</u> at 57. Schoch also sent other carriers to assist plaintiff in delivering the mail on his route. <u>Id.</u> at 58.

**C.    Pretext**

The plaintiff's burden at the pretext stage has been summed up this way: "the plaintiff cannot simply show that the employer's decision was wrong or mistaken . . . . Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a

reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." <u>Fuentes v. Perskie</u>, 32 F.3d 759, 765 (3d Cir. 1994) (citation and internal quotation marks omitted).  Plaintiff does not make an argument specifically on pretext; however, I assume he would reiterate his prima facie case arguments and support them with the same evidence.  As previously stated, plaintiff has not come forward with any evidence that defendant discriminated against him because of his age.

## II.    The Rehabilitation Act

### A.    Plaintiff's Prima Facie Case

To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must demonstrate that he:

(1)    is person with a disability withing the meaning of the Rehabilitation Act;

(2)    is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and

(3)    has suffered an adverse employment decision as a result of discrimination.

<u>Shaner v. Synthes (USA)</u>, 204 F.3d 494, 500 (3d Cir. 2000).

Defendant moves for summary judgment on plaintiff's claim under the Rehabilitation Act because plaintiff does not meet the Act's definition of a person with a disability.  The Act defines a "disability" as "a physical or mental impairment which substantially limits one or more of major life activities" or "being regarded as having such an impairment."  29 C.F.R. § 1614.203(a)(1) (providing that ADA standards apply to Rehabilitation Act claims); 42 U.S.C. § 12102 (ADA definition of "disability).  In deciding this issue I rely on the law developed in relevant statutory, regulatory and case law.  <u>See</u>, <u>e.g.</u> 42 U.S.C. § 122101 et seq.; 29 U.S.C. § 791

et seq.; <u>Toyota Motors Mfg. v. Williams</u>, 53 U.S. 154, 197 (2002); <u>Sutton v. United Airlines, Inc.</u>, 527 U.S. 471, 482-83 (1999); 29 C.F.R. § 1630.

Under the applicable law plaintiff was not a person with a disability and has not come forward with any evidence that he was regarded as having a disability. Therefore, he is not entitled to the protection of the Rehabilitation Act.

Plaintiff testified that he was diagnosed with anxiety at the time he was honorably discharged from the United States Navy in 1971, but that he did not seek treatment for the condition until 1994 or 1995. Def.'s Mot. app. at 22-24. He served in the Vietnam War. <u>Id.</u> at 2. His discharge papers from the Navy indicate that plaintiff was "entitled to receive severance pay" due to a "physical disability." <u>Id.</u> It is undisputed that plaintiff has taken medication for years to control hypertension. <u>Id.</u> at 23. It is also undisputed that he was taking medication for anxiety during the period he worked for the Postal Service.

Plaintiff's own testimony proves that he did not have a disability under the Rehabilitation Act. When asked if he thought his anxiety disorder "affected [his] being able to work at the Postal Service" or "affect[ed] [his] casing ability," plaintiff answered "no," partly because at that time he was under medication. <u>Id.</u> at 13. Plaintiff went on to add that "even without medications" he had "held jobs." <u>Id.</u> He did not testify that any major life activity is affected by his anxiety. Nor has plaintiff come forward with evidence that he was regarded as having a disability. He testified that he did not tell his supervisors at the Phoenixville Post Office about his anxiety condition. <u>Id.</u> at 12. Plaintiff did have a veteran's preference because of a disability–either hypertension or anxiety–but a veteran's preference does not indicate a disability of the severity that it would substantially limit one or more of plaintiff's major life activities.

9

Plaintiff has not presented evidence that he was qualified for the position of letter carrier. Furthermore, he has not testified to or presented any other evidence of any accommodation that would allow him to perform as a letter carrier.

**B.      Defendant's Non-discriminatory Reason**

Again, even if plaintiff made out a prima facie case of disability discrimination, defendant has met the burden of showing a legitimate non-discriminatory reason for plaintiff's termination.

**C.      Pretext**

Plaintiff has not produced any evidence indicating that the Postal Service discriminated against him because of a disability or record thereof.

CONCLUSION

I will grant defendant's motion for summary judgment. Plaintiff has failed to prove that he was qualified for the position of letter carrier or that he is a person with a disability as defined by the Rehabilitation Act. Defendant has presented a legitimate non-discriminatory reason for discharging plaintiff and plaintiff has failed to come forward with evidence that creates a genuine issue of material fact regarding pretext.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH L. HOFFMAN             :                    CIVIL ACTION
                                         :
                v.                    :
                                         :
JOHN E. POTTER, Postmaster General,    :              No. 02-3678
United States Postal Service             :


**<u>ORDER</u>**

AND NOW, this      day of March 2004, after considering defendant's renewed motion

for summary judgment and plaintiff's response thereto, and for reasons set forth in the

accompanying memorandum, the motion is GRANTED.  Judgment is entered in favor of

defendant and against plaintiff.




_____
Thomas N. O'Neill, Jr, J.